# NO. 12-19-00067-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TAMMI ANN WILLIAMS,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Tammi Ann Williams appeals her conviction for possession with intent to deliver a controlled substance. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was charged by indictment with the offense of possession with intent to deliver a controlled substance, methamphetamine, in an amount of four grams or more but less than two hundred grams, including any adulterants and dilutants, a first degree felony.[1] Appellant filed a motion to dismiss, stating that the court lacked jurisdiction. She also filed a motion to suppress, stating that the actions of Smith County Constable Kevin Petty violated her constitutional and statutory rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article 1, Section 9 of the Texas Constitution, and Article 38.23 of the Texas Code of Criminal Procedure.

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2017).

During the hearing on Appellant's motion to dismiss and motion to suppress, Petty, also the K-9 handler for the Constable's office, testified that on April 5, 2018, he was at the Sabine River boat ramp at State Highway 14 in Smith County, Texas. He explained that the boat ramp is a known location for drug activity and drug users. On that afternoon, Petty observed a vehicle driven by a white female, identified as Appellant, pull into the boat ramp parking lot. He was standing outside of his vehicle and when he looked at Appellant, her expression seemed to say, "Uh-oh, the police are down here." Appellant immediately used her cellular telephone and began to leave the boat ramp. Petty began to follow Appellant in his patrol vehicle as she exited the boat ramp and turned onto State Highway 14. At that point, he observed Appellant cut the corner, driving in the opposite lane of travel, as she made the turn from the boat ramp drive onto the highway, driving towards Wood County, Texas. According to Petty, Appellant violated the law when she left the boat ramp drive and, on a sharp angle, drove into the opposite lane of traffic. In other words, Appellant violated the law by cutting the corner, driving left of center, and failing to maintain a single lane. All of these violations occurred at the Smith County line and State Highway 14, in Smith County, Texas.

Petty finally overtook Appellant's vehicle in Wood County, Texas. Petty had observed Appellant violate a traffic law while in Wood County, Texas, when she drove on the improved shoulder and crossed the white line, or fog line. He gave Appellant a warning ticket for the traffic violation that occurred on State Highway 14 in Smith County, Texas, i.e., failure to drive in a single lane, and a warning ticket for the traffic violation that occurred in Wood County, Texas, i.e., driving on the improved shoulder.

During the stop, Petty determined that Appellant had outstanding warrants and exhibited suspicious behavior as she stood in front of her vehicle. These behaviors, among other factors, led Petty to seek Appellant's consent to search the vehicle, but she refused. However, Petty believed that he had enough information to conduct a K-9 search of Appellant's vehicle. The K-9 "hit" on the passenger's side of the vehicle and a search revealed a controlled substance that Petty believed to be methamphetamine. Appellant was arrested for possession of a controlled substance, i.e., methamphetamine.

After the hearing, the trial court denied Appellant's motions, stating that Petty observed suspicious behavior by Appellant and witnessed Appellant cutting the corner and failing to stay in the proper lane. The trial court determined that Petty had a legitimate reason to initiate a traffic

2

stop in Wood County, Texas for a violation of a traffic offense in Smith County, Texas. Subsequently, Appellant entered an "open" plea of guilty to the charged offense.

Appellant and her counsel signed various documents in connection with her guilty plea, including an agreed punishment recommendation and a stipulation of evidence in which she stipulated that each and every allegation contained in the indictment was true and correct and constituted the evidence in the case. The trial court accepted Appellant's plea, found the evidence sufficient to substantiate Appellant's guilty plea, adjudged Appellant guilty of the offense charged in the indictment, and assessed Appellant's punishment at thirty years of imprisonment.[2] This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[3] We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having

---

[2] An individual adjudged guilty of a first degree felony shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than five years, and a fine not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.32 (West 2019).

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of her right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file her own brief. The time for filing such brief has expired and no pro se brief has been filed.

3

done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted***, and the trial court's judgment is ***affirmed***. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or she must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or, if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered March 18, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 18, 2020**

**NO. 12-19-00067-CR**

**TAMMI ANN WILLIAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0888-18)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*